Shauck, J.
The admission that the act confers corporate powers, and that it, in fact, confers them on the city of Cleveland alone, would be equivalent to an admission that it is repugnant to Sec. 1 of Art. 18 of the constitution, but for the contention based upon the classification which is employed in defining the operation of the act. Our reasons for the conclusion that the classification is ineffectual for the purpose for which it is invoked are sufficiently stated in the preceding case of The State ex rel. Knisely et al. v. Jones et al. ante, 453. Perhaps a careful consideration •of the eighty-six sections of the present act would afford additional reasons for that conclusion, but those stated in the case cited are deemed sufficient; and except as they are passed on in that case, objections urged against the validity of the present act are not considered.
Although the two acts are adjudged to be void for the same reasons, some attention seems to be due to the effect of judgments appropriate to the conclusion that both acts are ineffectual to confer the powers claimed. In that case the relators sought to be admitted to office under favor of the act which was ad *507 judged to be void. The judgment denied their claim, leaving the defendants in office to continue in the discharge of its duties. In the present case the same conclusion with respect to the invalidity of legislation of the same character points inevitably to a judgment of ouster, leaving no one to exercise the func'tions of the offices, some of which seem to be indispensable to the orderly conduct of the affairs of the city of Cleveland.
On the hearing of the present case some members of the court, including myself, were inclined to the view that as this legislation had been permitted to become operative, and to affect in important respects the de facto government of the city, the inquiry should be regarded as too late, but that inclination is completely checked by attention to the considerations involved. The attorney general has invoked a jurisdiction which we undoubtedly possess; and this he has done in the discharge of his duty and in a manner conformable to established practice. It is admitted that no limitation bars inquiry into the title of the defendants. In this posture of the case we can neither refuse to act, nor act otherwise than in accordance with our views of the requirements of the constitution.
“Acquiescence for no length of time can legalize a clear usurpation of powers where the people have plainly expressed their will, and the constitution has appointed-judicial tribunals to enforce it. A power is frequently yielded to merely because it is claimed, and it may be exercised for a long period in violation of the constitutional prohibition without the mischief which the constitution was designed to guard against appearing, or without any one being sufficiently in *508 terested in the subject to raise the question, but these circumstances cannot be allowed to sanction a clear infraction of the constitution.”
Cooley’s Constitutional Limitations, 85 and 86.
But this is a public action, instituted and conducted solely for the protection of the public against injuries to result from infractions of the constitution, and while a judgment of ouster mpst follow our conclusions, we think public considerations will justify such suspension of its execution as will give to those discharging the duties of the other departments of the government of the state an opportunity to take such action as to them may seem best, in view of the condition which the execution of our judgment will create; and this suspension will be until the 2nd of October, 1902.

Demurrer to the answer sustained; judgment of ouster; execution of judgment suspended until October 2, 1902.

Burket, Spear, Davis and Price, JJ., concur.